[Civ. No. 3117. Second Appellate District, Division One.—June 11, 1920.]

A. E. BENTE et al., Appellants, v. FRED REESE, Respondent.

[1] VENDOR AND VENDEE—PURCHASE OF INTEREST IN MINE—STATEMENTS OF VENDOR — RELIANCE UPON — RECOVERY OF PAYMENTS.—Where there was no legal relation of special trust between the parties to the sale of an interest in a mine, other than that they had been neighbors and friends, the vendor having had some experience in the mining business while the vendees had no such experience, which facts were known to all, the vendees, in order to be entitled to recover the payments made by them, must show not merely that they had confidence in the integrity of the vendor, but also that the vendor made false statements to them upon which they were entitled to rely and that without investigating the facts for themselves they relied upon those statements.

[2] ID.—COST OF MINE—SALE PRICE—FRAUD.—Where the vendor made no representations to the vendees concerning the cost of the claims to him, and they did not make any inquiry on that subject, the fact that the vendor was selling a one-half interest in the claims for a sum greatly in excess of the sum he had paid for his option on the claims did not constitute fraud.

APPEAL from a judgment of the Superior Court of Kern County. J. W. Mahon, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. J. Emmons for Appellants.

W. B. Beaizley for Respondent.

CONREY, P. J.—Action to recover the sum of fifteen hundred dollars received by the defendant to and for

the use and benefit of the plaintiffs. Judgment in favor of the defendant, from which judgment the plaintiffs appeal.

An amended complaint was filed at the time of the trial and by stipulation all of the allegations thereof were deemed to be denied. So far as pertinent to the questions presented here, the material facts alleged by the plaintiffs were that prior to the twenty-third day of April, 1918, when said money was paid over by the plaintiffs to the defendant, the defendant had represented that he was a mining man with knowledge of mines and minerals and a prospector, and that the plaintiffs believed the said statements; that the plaintiffs, and each of them, were absolutely ignorant of mines and minerals or anything connected therewith; that shortly prior to the twenty-third day of April, 1918, defendant informed the plaintiffs that he had options upon mining claims and sent a plan of said mining claims showing that they were intimately connected with the Cuddyback quicksilver mine; that the defendant informed the plaintiffs that a one-fifth interest in the said Cuddyback mine had been sold for seventy thousand dollars; that the defendant also took the plaintiffs to the said quicksilver mine and exhibited the rock and showed the plaintiffs through the said mine and brought to the knowledge of the plaintiffs the high price of quicksilver and informed the plaintiffs that said mine was producing a flask of quicksilver and over every day; that the defendant informed the plaintiffs that the mining claims held under options by him were in the same kind of ground and that there was no reason why they should not be able to develop a valuable quicksilver mine upon said grounds; that believing all the said statements of the defendant and being absolutely ignorant in respect to mining property or minerals, plaintiffs relied solely upon the judgment, experience, and integrity of defendant, and so relying on the twenty-third day of April, 1918, purchased a one-half interest in three mining claims for the sum of fifteen hundred dollars; that at said time the defendant well knew that the said mining claims were not worth the amount demanded from the plaintiffs and that plaintiffs were induced to invest their money with the defendant solely because of their long acquaintance and intimate friendship with each other; that at said time the defendant well knew that the said claims were valueless and without values and that the defendant made the said representations to the plaintiffs

knowing the same to be false and for the purpose of inducing the plaintiffs to pay to the defendant said sum of fifteen hundred dollars, and that without the said inducement made by the defendant and without the reliance that the plaintiffs had in the defendant's promises and integrity and knowledge the plaintiffs would not have so paid the said money; that the plaintiffs went upon the said land and stayed upon the said land "until they were informed that they had been buncoed"; that thereupon the plaintiffs investigated and from such investigation demanded of and from the defendant the return of the said money and offered a deed of the said one-half interest back to the said defendant, and in open court tendered to the defendant a deed properly executed, conveying to the defendant the said one-half interest purchased theretofore, which said offer was refused; that the defendant has refused and neglected to pay to the plaintiffs the said sum or any part thereof and that the said sum has not been paid nor any part thereof; that the said sum was so paid to the defendant on the twenty-third day of April, 1918, and a deed for one-half interest in the said three mining claims was executed by the defendant to the plaintiffs on said day; that all of the statements, inducements, and representations made by the defendant were false, fraudulent, untrue, and were known to be so by the defendant at the said time, and were made by the defendant for the sole purpose of inducing the plaintiffs to consummate said purchase.

The findings of fact made by the court concerning the matters before mentioned are the following:

"That defendant did not on the 23d day of April, 1918, at or within the county of Kern, State of California, or elsewhere, or at any other time, receive from plaintiffs or either of them the sum of Fifteen Hundred Dollars, or any other sum to and for or to or for the use and benefit or use or benefit of plaintiffs or either of them. That on or about the 23d day of April, 1918, plaintiffs paid to defendant at Tehachapi, California, the sum of Fifteen Hundred Dollars, as the agreed purchase price of and for an undivided one-half interest in three certain mining claims situated near said Tehachapi, in Kern county, California, and received from said defendant a deed conveying the said one-half interest in said mining claims so purchased. That prior to the payment of

said $1500.00 and the delivery of said deed, plaintiffs nego-
tiated with defendant upon the said purchase of said inter-
est in said mining claims, and defendant conducted plaintiffs
to and upon said mining claims, and exhibited them to plain-
tiffs and indicated to them the boundaries thereof. That
plaintiffs were given ample time to investigate and consider
whether or not they should pay defendant the said sum of
Fifteen Hundred Dollars which was fixed by defendant as the
purchase price of a one-half interest in said claims. That
after consideration thereof, that said plaintiffs accepted the
offer of defendant to sell to them said one-half interest in
said mining claims for said sum of Fifteen Hundred Dollars,
and so informed defendant, and thereupon and on or about
said 23d day of April, 1918, plaintiffs paid to defendant
said sum of Fifteen Hundred Dollars and received the deed
heretofore referred. to. That the statements, inducements
and representations made by defendant to plaintiffs respect-
ing the said mining claims were not false, fraudulent or
untrue, nor were they known by defendant to be false,
fraudulent or untrue at the time of the making thereof, nor
were such statements, inducements or representations made
by defendant to plaintiffs in and about the purchase of said
one-half interest in said mining claims, falsely or fraudu-
lently or untruthfully made by defendant for the sole pur-
pose or for the purpose of inducing plaintiffs to consum-
mate the purchase of said interest in said mining claims.''

Appellants contend that the findings of fact are totally in-
sufficient; that the evidence is insufficient to support the
statements contained in the findings; that the plaintiffs were
entitled to a finding under the evidence that the statements
made by defendant to the plaintiffs concerning the mining
claims were made under confidential relations and were
statements of an expert to one totally ignorant of the sub-
ject and were, as a matter of law, for that reason equivalent
to statements of fact; that judgment should be for the plain-
tiffs. Counsel relies upon the following rule of law as quoted
from 20 Cyc. 60: ''Where there exists between the parties
some relation whereby the purchaser, being ignorant of the
facts, is justified in placing trust and confidence in the
honesty and superior knowledge of the vendor, or where, in
the absence of any particular relation, special confidence is
placed in the vendor on account of his peculiar knowledge

and the purchaser's ignorance, the rule of *caveat emptor* does not apply; and in such cases the purchaser may without further investigation rely on the vendor's statements even where they might otherwise be deemed mere expressions of opinion or dealers' talk.''

[1] There was no legal relation of special trust or confidence between the plaintiffs and the defendant in this case. The parties had been neighbors and friends; the defendant had some experience in the mining business and the plaintiffs had no such experience. These facts were known to all of them. The evidence shows that the plaintiffs had confidence in the integrity of the defendant, but it was further necessary for the plaintiffs to prove not only that the defendant made false statements to them upon which they were entitled to rely, but also that without investigating the facts for themselves they relied upon those statements. Although we have not been furnished with any definite specification of particulars in which the evidence is insufficient to support the findings, we have examined the evidence as we find it extensively quoted in the briefs. It appears that immediately before the sale took place, the plaintiffs went to the mining claims, where the defendant was then residing, and remained on the ground several days; that they went upon the claims with the defendant and visited the neighboring Cuddyback mine; that at the time when the sale was made the defendant had not represented, and did not then represent, that quicksilver or the mineral cinnabar had actually been discovered on these claims. The parties plaintiff and defendant alike knew at that time that the claims were mere prospects, and that it was a mere matter of opinion that probably such minerals could be discovered and a cinnabar mine developed on these claims. The defendant did state that the ore was ''there some place''; and that the dikes or ledge on which the Cuddyback mine was located continued on into these claims or that ''it ran that way.'' He ''worked out the trend of it on the hillside,'' and so exhibited the territory to the plaintiffs. It is very apparent, even from the testimony of the plaintiffs, that the representations made by the defendant concerning the value and mineral quality of these claims amounted to nothing more than that the defendant believed that probably valuable minerals would be found therein by the processes of development,

and that when so found the claims could be sold at a profit. So far as the evidence shows, the defendant may have held and believed in that opinion, and ultimately it may prove to be well founded.  [2]  It is true that the defendant had only paid four or five hundred dollars for his options on the claims, and that he was selling a one-half interest therein to his friends, the plaintiffs, for fifteen hundred dollars.  While this might be characterized as a very strong draft on friendship, it did not constitute fraud; for the defendant made no representation to the plaintiffs concerning the cost of the claims to him, nor did the plaintiffs make any inquiry on that subject.  It is not claimed by the plaintiffs, nor is there any evidence tending to show, that this was a case of a joint purchase of the property by the plaintiffs and the defendant from third parties in which transaction the parties were to pay equal amounts for their equal interests in the property purchased.  The plaintiffs merely purchased from the defendant one-half of his interest in the claims at a price fixed by the vendor, which price the vendees were willing to pay.  Our conclusion is that the plaintiffs were not entitled to a finding that the statements made by defendant concerning the mining claims were made under confidential relations; and that the evidence is sufficient to justify the facts as found.

The judgment is affirmed.

Shaw, J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 9, 1920.

All the Justices concurred, except Sloane, J., who was absent.